ANTOON, Judge.
The state appeals the trial court’s order suppressing the testimony of the arresting police officer concerning incriminating admissions made by the defendant. Finding that the witness had made a prior inconsistent statement regarding the admissions, the trial court excluded the testimony. A witness’ lack of credibility is not a proper legal basis justifying suppression, and therefore, we must reverse.
The defendant was charged with the offense of aggravated battery. Prior to trial, the defendant moved to suppress admissions he had made to the police at the time of his arrest. The admissions were allegedly made to police officer, E. Edward Torres. Officer Torres recounted the defendant’s admissions in his deposition, testifying that the defendant stated that he “didn’t mean to shoot the victim,” was “filled with remorse,” “regretted the whole incident,” and was “surprised at how seriously the [victim] was hurt.” According to Officer Torres, these statements were made after the defendant was Miran-dized,[1] but before he requested an attorney.
At the hearing on the motion to suppress, the defendant introduced a charging affidavit and incident report prepared by Officer Torres. In the charging affidavit the officer wrote “the [defendant] was transported to OCCBO without incident.” The incident report contained the statement that “it is unclear at this time whether a struggle occurred because the arrestee was unwilling to give a statement.”
The trial court ruled that the officer’s testimony describing the defendant’s admissions would be suppressed from evidence because it viewed the officer’s statements as inconsistent. Specifically, the trial court ruled that “the state will be bound by the two sworn statements that [the defendant] did not give any statement.” By so ruling, the trial court improperly denied the state the right to present relevant testimony and precluded the trier of fact from weighing the credibility of the state’s witness.
The defendant argues that suppression of his admissions was necessary because cross examination would have revealed that the defendant had invoked his right to counsel. We understand the defendant’s concern in this regard, however, practical and less drastic measures were available. For instance, the trial court could have specifically instructed Officer Torres not to mention that the defendant requested counsel. Another precaution that was available was to redact the portion of the police records indicating that the defendant requested counsel.
Accordingly, the trial court’s suppression of relevant testimony was error. See Story v. State, 589 So.2d 939 (Fla. 2d DCA 1991).
REVERSED and REMANDED.
PETERSON, C.J., and GOSHORN, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, reh. denied, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966).